IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10cv9

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL.; JOHN WILLIAM BISHOP; and DONNA J. BISHOP, <br><br>Plaintiffs, <br><br>Vs. <br><br>COUNTY OF MACON; MACON COUNTY SHERIFF'S DEPARTMENT; ROBERT L. HOLLAND, Individually and in his Official Capacity as Sheriff of Macon County; C.J. LAU, Individually and in his Official Capacity as Deputy Sheriff of Macon County; GARY GARNER; W. T. POTTS; MARSH USA, INC.; and THE OHIO CASUALTY INSURANCE COMPANY, <br><br>Defendants. | ORDER |

**THIS MATTER** is before the court upon defendant Gary Garner's Motion to Dismiss (#23). The court has thoroughly read and considered the briefs submitted on such motion, and again reviewed all the pleadings in this action, including the earlier filed Memorandum and Recommendation. While such M&R has not yet been disposed of by the district court, the undersigned recalled during such review that even if such recommendation was adopted in full, at least one federal claim remained

-1-

against Defendant Lau in his individual capacity, to wit, claims by both plaintiffs for violation of their fourth and fourteenth amendment rights, as asserted in their First Cause of Action. As to that claim, plaintiffs contend that

> 32. At no time did the Department, Sheriff and/or Lau (referred to collectively as "the Officers") have probable cause to seize the personal property of Plaintiffs.
>
> 33. At no time did the Officers have proper cause to arrest D. Bishop and to use her resulting charges to coerce a guilty plea from J. Bishop.

Amended Complaint, at ¶¶ 32-33. Such claim appears to attack the fact of plaintiff John Bishop's conviction, which raises red flags under current case law.

In moving to dismiss, the county defendants did not brief the impact of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which concerns a Section 1983 action following on the heals of an undisturbed criminal judgment:

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. Prosser and Keeton, supra, at 874; *Carpenter v. Nutter*, 127 Cal. 61, 59 P. 301 (1899). This requirement "avoids parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant [ sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." 8 S. Speiser, C. Krause, & A. Gans, *American Law of Torts* § 28:5, p. 24 (1991). Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Ibid.* This Court has long expressed similar concerns for finality and consistency

and has generally declined to expand opportunities for collateral attack, *see Parke v. Raley*, 506 U.S. 20, 29-30, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992); *Teague v. Lane*, 489 U.S. 288, 308, 109 S.Ct. 1060, 1073-1074, 103 L.Ed.2d 334 (1989); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Voorhees v. Jackson*, 10 Pet. 449, 472-473, 9 L.Ed. 490 (1836). We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

Id., at 484-86 (footnotes deleted). The Heck Court then determined, as follows:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, **or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid**, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the **2373 absence of some other bar to the suit.

Id., at 486-87(footnotes deleted; emphasis added).

The Court of Appeals for the Fourth Circuit has also weighed in on the issue, as follows:

> Our analysis in *Brooks*, understood in light of these precedents, makes clear that there is no such thing as a "§ 1983 malicious prosecution" claim. What we termed a "malicious prosecution" claim in *Brooks* is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution-specifically, the requirement that the prior proceeding terminate favorably to the plaintiff. *See Brooks*, 85 F.3d at 183.FN3 It is not an independent cause of action.

Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). The Lambert court went on to note that

> the significance of the favorable termination element is not only that it constitutes a prerequisite for recovery, but also that it establishes the time from which the claim accrues for purposes of determining whether the statute of limitations has run. *See Brooks*, 85 F.3d at 183 (*citing Heck*, 512 U.S. at 483, 114 S.Ct. 2364; *Morrison v. Jones*, 551 F.2d 939, 940-41 (4th Cir.1977)).

Id., at f.n. 3. See also Riddick v. Lott, 2006 WL 2923905, 2 (4th Cir. Oct. 12, 2006).[1]

The court cannot and is not attempting to advise the parties as to what arguments to make; however, it appears under Heck that the court has an affirmative duty to dismiss Section 1983 claims that, if successful, would necessarily impact the viability of underlying state court convictions. Rather than make such decision in a vacuum, the court would appreciate input from all parties.

The citation of such cases should not be taken as a forecast of how this court

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

could rule; rather, the court is simply seeking additional argument as to why or why not Heck has any application to this case. The court does have substantial concerns as to whether either or both plaintiffs have stated a viable federal claim under current case law. Without a viable federal claim being stated, plaintiffs' claims against non-state actors, such as Mr. Garner and Mr. Potts, may well be subject to dismissal as supplemental jurisdiction over such state law claims is dependent upon the existence of a viable federal claim.

With permission and at the instruction of the district court, the undersigned will withdraw the earlier Memorandum and Recommendation for the limited purpose of receiving additional arguments. All defendants will be allowed 14 days within which to file supplemental briefs addressing the impact of Heck as well as the appellate decisions herein cited. Plaintiffs will be allowed 14 days from such filing within which to file a memorandum responsive on such issues, and all defendants will be allowed seven days therefrom to file any reply briefs. At the conclusion of such briefing period, the undersigned will schedule a hearing if needed on all pending motions to dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and

Recommendation (#18) entered July 9, 2010, is **WITHDRAWN**, and the following supplemental briefing schedule is entered:

(1) all defendants are allowed 14 days within which to file supplemental briefs addressing the impact of Heck, as well as the appellate decisions cited herein, and their progeny that may be relevant;

(2) plaintiffs will be allowed 14 days from such filing within which to file a memorandum responsive on such issues; and

(3) all defendants will be allowed seven days therefrom to file any reply briefs.

Signed: September 1, 2010

Dennis L. Howell
United States Magistrate Judge