**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:10cv09**

| | |
|---|---|
| **STATE OF NORTH CAROLINA *ex rel.*,** ) | |
| **JOHN WILLIAMS BISHOP, and** ) | |
| **DONNA J. BISHOP,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF DECISION** |
| ) | **AND ORDER** |
| ) | |
| **COUNTY OF MACON; MACON** ) | |
| **COUNTY SHERIFF'S DEPARTMENT,** ) | |
| **ROBERT L. HOLLAND, individually** ) | |
| **and in his Official Capacity as Sheriff** ) | |
| **of Macon County; C. J. LAU,** ) | |
| **individually and in his Official** ) | |
| **Capacity as Deputy Sheriff of Macon** ) | |
| **County; GARY GARNER; W. T.** ) | |
| **POTTS, MARSH, USA, INC. and** ) | |
| **THE OHIO CASUALTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on the Notice of Motion and Partial

Motion to Dismiss by Defendants Macon County, Macon County Sheriff's

Department, Robert L. Holland, Charles J. Lau, and the Ohio Casualty

Insurance Company [Doc. 9].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On October 12, 2010, the Magistrate Judge filed a Revised Memorandum and Recommendation in which he recommended granting the motion to dismiss, declining to exercise supplemental jurisdiction over the remaining state law claims and dismissing those claims without prejudice. [Doc. 45]. The Plaintiffs timely filed objections to that recommendation. [Doc. 46].

## PROCEDURAL HISTORY

By Amended Complaint, filed April 5, 2010, the Plaintiffs brought an action pursuant to 42 U.S.C. §1983 for violations of their rights to be free from unreasonable searches and seizures.[1] [Doc. 3]. State law claims for negligence, false arrest, malicious prosecution, abuse of process, conversion, and bailment were also alleged. [Id.]. Defendants Macon County, Macon County Sheriff's Department, Robert L. Holland, Charles J. Lau, and the Ohio

---

[1]Although Marsh USA, Inc. is named as a defendant, in the Amended Complaint the Plaintiffs clarify that the proper defendant is Ohio Casualty Insurance Company, "formerly identified by the Department as Marsh USA, Inc." [Doc. 3, at 2]. No reason is given for the failure to delete Marsh USA, Inc. as a party. Likewise, no reason is provided within the Complaint for the designation of this as a relator lawsuit.

Casualty Insurance Company (the County Defendants) moved to dismiss for failure to state a claim on which relief may be granted. [Doc. 9]. Defendant Potts filed an answer which included a motion to dismiss but did not separately so move. [Doc. 8]. Defendant Garner also moved to dismiss for failure to state a claim. [Doc. 23].

On July 9, 2010, the Magistrate Judge issued a Memorandum and Recommendation wherein it was recommended that the County Defendants' motion to dismiss be granted. [Doc. 18]. The Plaintiffs filed objections to the recommendation that the action be dismissed. [Doc. 22]. Before the recommendation could be acted upon, however, the Magistrate Judge withdrew the Memorandum and Recommendation and specifically provided the parties with an opportunity to address the impact of Heck v. Humphrey, 512 U.S. 477,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). [Doc. 36]. After further briefing, the Magistrate Judge entered the Amended Memorandum and Recommendation which is currently before the Court, recommending that the County Defendants' motion to dismiss be granted and that the Court decline supplemental jurisdiction as to the state law claims. The Plaintiffs have timely objected.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard.  28 U.S.C. §636(b).  "Parties filing objections must specifically identify those findings objected to."  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).  If a party makes only general objections, *de novo* review is not required.  Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether).  "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*."  United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).

Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review.  Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008).  "Allowing a litigant

to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

Here, the Plaintiffs have reasserted the same arguments made in previous motions by "incorporation by reference." [Doc. 46, at 9, 15]. As to those portions of the objections, the Court will not conduct a *de novo* review. Id.

The County Defendants have moved to dismiss for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated

a claim entitling him to relief, *i.e.*, the 'plausibility of entitlement to relief.'"

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), *quoting* Twombly, 550

U.S. at 570.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth."  This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."

> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Id., *quoting* Twombly, 550 U.S. at 555, 557 and Iqbal, 129 S.Ct. at 1950.

## FACTUAL ALLEGATIONS

At the outset it must be noted that the Amended Complaint is quite

cursory in its allegations concerning some of the significant operative facts at

issue in this matter. [Doc. 3].  In response to the Magistrate Judge's request

for supplemental briefing, the County Defendants filed with the Court public

documents that pertain to certain searches and the prosecution of Plaintiff

John Bishop (John), [Docs. 40-1 through 40-13], which documents were

referenced in the Amended Complaint.  The Plaintiffs did not object to the

filing of these documents and have cited them in support of their Objections.

[Doc. 46].  In addition, the Plaintiffs have also filed with the Court another

public document pertaining to John's plea. [Doc. 46-1].  "[A] district court ruling

on a motion to dismiss may consider a document the authenticity of which is

not contested, and upon which the plaintiff's complaint necessarily relies."

Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir.

2002); Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174,

2001 WL 691028 **1 (4th Cir. 2001)  "[I]f a plaintiff does not incorporate by

reference or attach a document to its complaint, but the document is referred

to in the complaint and is central to the plaintiff's claim, a defendant may

submit an indisputably authentic copy to the court to be considered on a

motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130

F.3d 1381, 1384 (10th Cir. 1997).  The Court has considered these documents

which have been filed by both sides because they are unopposed and are

documents specifically referred to in the Amended Complaint.  The facts as

alleged and as set out in those documents are as follows.

In September 2006, Plaintiff John Bishop (John) resided with his friend,

Defendant Gary Garner (Garner) in Macon County. [Doc. 3, at 2-3]. During that time, John worked for Defendant W. T. Potts (Potts), who operated a real estate management company. [Id.]. Between late 2006 and early 2007, multiple larcenies were reported by the owners of vacation homes managed by Potts. [Id., at 3].

On March 1, 2007, John moved out of Garner's home and went to live with his mother, Plaintiff Donna Bishop (Donna). [Id.]. On March 4, 2007, Garner filed a complaint with the Defendant Macon County Sheriff's Department (Department) in which he accused John of stealing cash from him. [Id.]. During an interview with investigating officers, Garner also reported that John was in possession of stolen goods. [Id.].

On March 11, 16 and 21, 2007, Defendant Deputy Sheriff Lau (Lau) executed three search warrants at Donna's residence. [Id., Docs. 40-3, 40-4, 40-6]. The items which were seized during the searches included two flat screen televisions, a remote control, a surround sound system, a router, and eight oriental rugs of varying sizes. [Id.]. It is also alleged that Lau told Donna she could recover the property if she produced proof of ownership.[2] [Id.].

_____

[2] The Amended Complaint contains an allegation that at least some of these seized items were not identified in the applications for the search warrants. It is not alleged, however, as to which of these items were not identified and which were. A review of the search warrants referenced in the Amended Complaint shows that the property seized was, in fact, listed in the warrants. [Doc. 40-3, 40-4, 40-6]. The contradiction between the allegation in the Complaint and the document referred to

John was indicted for felony breaking and entering in violation of N.C. Gen. Stat. §14-54(a), felony larceny in violation of N.C. Gen. Stat. §14-72(b)(2), and felony possession of stolen property in violation of N.C. Gen. Stat. §14-72(c). He was charged with having broken into five residences (Cornell, Bishop, Benedict, Stewart and Reynolds), and having stolen and possessed the property described in the search warrants, plus other items. [Doc. 40-10 at 2-5, 10].

The Plaintiffs claim that instead of preserving the "evidence" seized during the searches, Lau "distributed most of the seized property" to Potts. [Id.]. Potts then "distributed a few items to purported victims of the larcenies" and kept or disposed of the remainder. [Id., at 4]. Lau is also accused of failing to investigate leads which "could" have exonerated John and which "could" have implicated other people, including Garner and Potts. [Id.].

The Plaintiffs allege that Lau failed to advise the District Attorney that the evidence had not been preserved, but that notwithstanding such failure that Lau caused Donna to be arrested on charges of possession of stolen property. [Id.]. Those charges were, however, dismissed on November 4, 2008 for "insufficient evidence, in return for guilty pleas by J[ohn] Bishop,

---

therein may be noticed because the Plaintiffs have not objected to the Defendants' filing of the documents and, indeed, have referenced them in their Objections. [Doc. 46].

entered, in part, to protect his mother." [Id.].

John entered an Alford[3] plea to two of the eight indictments against him. [Doc. 46-1]. The transcript reads that John acknowledged that "upon your 'Alford guilty plea' you will be treated as being guilty." [Id.]. To what John pleaded guilty, however, is not entirely clear from the record. The Judgment indicates that he pleaded to two counts relating to the break-ins that took place on or about March 12, 2007, and April 1, 2007.[4] [Doc. 40–12]. The first of these took place at the Cornell residence in which four specified paintings were stolen. [Doc. 40-10 at 2]. The second occurred at the Bishop residence at which two flat screen televisions were stolen. [Doc. 40-10at 3]. The Judgment is clear that the plea was to two felony counts, but it identifies those counts as being to "attempt breaking and or entering" in violation of "14-72." Section 14-72 is, however, the statute pertaining to larceny and possession of stolen goods. On the same date that the Judgment of conviction was entered, the remaining charges were dismissed because John had "agreed to plead guilty to [two of] the [breaking and entering] charges in exchange for a dismissal of ... all other charges." [Doc. 40-13].

It is alleged in the Amended Complaint that the property seized

---

[3]North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

[4] These are the dates which had been referenced in the applications for the search warrants. [Doc. 40-12; Doc. 40-3; Doc. 40-4; Doc. 40-6].

belonged to the Plaintiffs and has never been returned to them.  [Doc. 3].

On these allegations the Plaintiffs bring two federal claims.  The first is a claim against Defendants Lau and Holland pursuant to 42 U.S.C. §1983 for violating their Fourth and Fourteenth Amendment "right to be free from unreasonable searches and seizures and the right to be free from the use of excessive, unreasonable and unjustified force against their person," in the search for and seizure of the property in question and the arrests of the Plaintiffs.  [Doc. 3 at 4].  The second is a claim, also pursuant to §1983, against the County and the Sheriff's Department for maintaining customs and policies that exhibit a deliberate indifference to the rights of the Plaintiffs and others that resulted in the unlawful searches and seizures at issue.  The Plaintiffs seek compensatory damages, the return of their property, punitive damages, injunctive relief and attorney's fees.

## DISCUSSION

Whether the Plaintiffs' Amended Complaint states a claim upon which relief can be granted centers on the application of Heck v. Humphrey, 512 U.S. 477,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) to the facts alleged.

"[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the

unlawfulness of his conviction[.]" Heck, 512 U.S. at 486.  The Supreme Court

has thus ruled that

> in order to recover damages for allegedly unconstitutional
> **conviction ..., or for other harm caused by actions whose
> unlawfulness would render a conviction ... invalid**, a §1983
> plaintiff must prove that the conviction ... has been reversed on
> direct appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of *habeas
> corpus*, 28 U.S.C. §2254.  A claim for damages bearing that
> relationship to a conviction ... that has *not* been so invalidated is
> not cognizable under §1983.  Thus, when a state [defendant]
> seeks damages in a §1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction ...; if it would, the complaint
> must be dismissed unless the plaintiff can demonstrate that the
> conviction ... has already been invalidated.

Heck, 512 U.S. at 486-87 (bold added, italics in original).

In analyzing the Plaintiffs' claims regarding the searches, seizures and

arrests in question, the Magistrate Judge opined that "a decision favorable to

plaintiffs on their Section 1983 claims against these officers would necessarily

imply the invalidity of Mr. Bishop's conviction." [Doc. 45 at 12].  To this the

Plaintiffs object.  The thrust of their objection is that "the Magistrate Judge

overstates or misconstrues the scope of [their] allegations." [Doc. 46 at 2].

They argue that "In the present case, Plaintiffs claim damages, in significant

part, for the wrongful seizure and disposal of their own property unrelated to

allegations of criminal misconduct." [Doc. 46 at 2].

Since the analysis of John's claims are in many respects different from Donna's, these will be addressed separately.

**Claims of John Bishop**

At the outset it needs to be mentioned that John's objections to the recommendation of the Magistrate Judge are extremely brief, [Doc. 46 at 2-3], and difficult to square with the already cursory factual allegations in the Amended Complaint. [Doc. 3 at 3-4]. Whether John has stated claims upon which relief can be granted hinges on whether his claims impugn his conviction. Clearly, asserting that his arrest was "excessive, unreasonable and unjustified" [Doc. 3 at 4], impugns the criminal judgment that proceeded from his arrest on the charges for which he was convicted. The Plaintiffs do not appear to challenge this in their objection.

Likewise, neither Plaintiff appears to challenge the validity of the searches. They state that "Plaintiffs herein have never asserted the invalidity of the search warrants or the lawfulness [sic] of the searches." [Id. at 3]. Even though this statement is inherently contradictory, nowhere else in their objection do the Plaintiffs argue that the search warrants or searches were unlawful or invalid. Hence it appears that the Plaintiffs do not object to the Magistrate Judge's recommendation that the claims based upon the searches or warrants be dismissed.

John's arguments appear to center on the impropriety of the seizure of the items of personal property that he contends belonged to him and his mother. In their Objection, Plaintiffs quote selectively from Heck emphasizing that it bars claims related to conviction and imprisonment where a verdict in the claimant's favor would "render the conviction or sentence invalid." [Doc. 46 at 2, quoting Heck at 486]. It is implied, but not expressly argued, that the Plaintiffs' claims regarding the deprivation of their property is not barred by Heck because it is something *other than* a conviction or imprisonment. The Court in Heck, however, expressly stated that any claims are barred if they seek redress for "unconstitutional conviction . . . *or of other harm* caused by actions whose unlawfulness would render a conviction ... invalid." Heck, 512 U.S. at 486. Therefore, the fact that the Plaintiffs assert the loss of property as the basis of their claim does not overcome the bar of Heck. As such, this ground for Plaintiffs' objection is without merit.

Plaintiffs then proceed to argue that their claims are "in significant part for the wrongful seizure and disposal of their own personal property *unrelated to allegations of criminal misconduct*." [Doc. 46 at 2] (emphasis added). In their Amended Complaint, however, their allegations regarding the seizure of the personal property is inextricably intertwined with the prosecutorial allegations of John's criminal misconduct. In fact, the allegations of criminal

activity center on the assertion that John stole the personal property in question. The factual allegations of the Amended Complaint make repeated references to the "alleged larcenies" and then set forth the allegedly improper arrests of the Plaintiffs and John's subsequent "coerce[d] . . . guilty plea." [Doc. 3 at 4]. These allegations are simply bracketed by the bare allegation that the items in question belonged to the Plaintiffs. [Doc. 3 at 3, 4, at ¶21, 29]. As such, the allegations presented in the Amended Complaint simply belie the Plaintiffs' current position that their claims regarding the seizure of the property are "unrelated to the allegations of [John's] criminal misconduct." [Doc. 46 at 2].

The question, though not expressly articulated by the Plaintiffs, is whether a civil judgment in the Plaintiffs' favor regarding the ownership and/or return of the personal property would necessarily undermine John's conviction. See, Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003). John was indicted for having broken into the five homes, having stolen therefrom the items in question, and then having possessed those stolen items. [Doc. 40-10]. He pled guilty to two of those charges, though the record is not entirely clear as to which ones. It is, however, of no consequence as to which charges serve as the counts of conviction and which ones were dismissed. When a criminal matter is resolved by a compromise agreement

of a guilty plea to some counts with the dismissal of others, this does not constitute a favorable termination with regard to the dismissed counts for the purposes of analysis under <u>Heck</u>. <u>Taylor v. Gregg</u>, 36 F.3d 453, 455-56 (5th Cir. 1994). "The 'favorable termination' requirement has been narrowly interpreted to encompass 'only terminations that indicate that the accused is innocent.'" <u>Elkins v. Broome</u>, 328 F.Supp.2d 596, 599 (M.D.N.C. 2004) (quoting <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11th Cir. 1998)). See also, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 580 (3d Cir. 1996); <u>Barnes v. Danner</u>, 1996 U.S. App LEXIS 33366 at *2 (4th Cir. 1996). Even where the arrest of a §1983 plaintiff is obtained by false representations, termination of the charges favorable to such plaintiff is an essential element of a §1983 claim. <u>Richardson v. Counts</u>, 363 Fed.Appx. 219 **n (4th Cir. 2010). There was no favorable termination as to the legal proceedings against John concerning whether he stole the property in question: he pled guilty. The fact that this was via an <u>Alford</u> plea is of no consequence. An <u>Alford</u> plea is not a favorable termination. <u>Ballard v. Burton</u>, 444 F.3d 391, 396-97 (5th Cir. 2006); <u>United States v. Morrow</u>, 914 F.2d 608, 611 (4th Cir. 1990); <u>Watson v. New Orleans City</u>, 275 F.3d 46 (5th Cir. 2001). Any civil judgment holding that the property belonged to the Plaintiffs would refute the accusation that John stole the property and possessed it unlawfully, and thus would undermine John's

conviction that was entered pursuant to the negotiated plea.  This is barred by Heck.

For these reasons, the objections regarding the recommendation that John's claims for wrongful search, wrongful seizure of the property and wrongful seizure of the person (wrongful arrest) will be overruled and those claims will be dismissed.

**Claims of Donna Bishop**

Donna objects to the recommendation that her claims be dismissed concerning her wrongful arrest and prosecution and for the wrongful seizure of her property.[5]

Donna argues that since all charges against her were dismissed, there is no conviction to be held invalid by a finding in her favor in this civil action, and thus Heck is inapplicable.  The law, however, does not support Donna's position.  As stated above, a plaintiff in a §1983 action based upon an arrest or prosecution must show not only a termination of the criminal proceedings against him, but must show that there was a "favorable termination."  "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an

---

[5] As addressed at p.14, supra, the Plaintiffs have apparently abandoned any claims related to wrongful searches or improper search warrants.

acquittal or an unqualified dismissal or else waive his section 1983 claim."

Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). The Heck bar may not

apply where a §1983 plaintiff was never arrested,[6] Whitaker v. Garcetti, 486

F.3d 572, 581 (9th Cir. 2007), but Plaintiffs do not dispute that Donna was

actually charged and arrested. Once the prosecution is commenced, in order

to maintain a cognizable §1983 claim the "plaintiff must demonstrate both an

unreasonable seizure and a favorable termination of the criminal proceeding

flowing from the seizure." Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir.

2009), *certiorari denied* 130 S.Ct. 2073, 176 L.Ed.2d 415 (2010).

In the Amended Complaint the Plaintiffs specifically allege that "the

criminal charges against D[onna] Bishop were dismissed . . . *in return for*

guilty pleas by J[ohn] Bishop, entered, in part, to protect his mother." [Doc. 3

at 4 ¶28]. By alleging that the dismissal of the charges against Donna was

part of a negotiated arrangement, the Plaintiffs concede that the dismissal of

Donna's charges was not a "favorable termination" within the meaning of

Heck. Taylor, 36 F.3d at 455-56.

The criminal charge against Donna was for possession of stolen

property. In other words, the allegation of criminal wrongdoing was

---

[6]The Plaintiffs' argument that the dismissal of Donna's charge constitutes a favorable termination is discussed below.

necessarily based upon the assertion that Donna *did not own* the property at issue. Since there was no favorable termination of that charge within the meaning of Heck, Donna is barred from civilly claiming (at least in a §1983 action) that she was, in fact, the owner of that property. That §1983 claim was waived by Donna's failure to seek and obtain full vindication on the possession of stolen property charge.

Moreover, even if no charges had ever been brought against Donna, her claim would still be barred. Any civil adjudication that Donna was the owner or an owner of the personal property at issue would clearly undermine the plea and conviction of *John*. The purpose of the rule in Heck is to prevent the undermining of criminal judgments by civil actions. As the Supreme Court said in Heck, "A claim for damages bearing [a] relationship to **a conviction** [that would render it invalid] . . that has *not* been [already] so invalidated is not cognizable under §1983." Heck, 512 U.S. at 486 (bold added, italics in original). The Supreme Court did not limit this bar to claims that undermine the *plaintiff's* conviction, but any party's prior criminal conviction. Here, Donna would be seeking to undermine the criminal conviction of her co-plaintiff by seeking a civil judgment directly contrary to the factual basis of that criminal judgment.

For these reasons, the objections regarding the recommendation that

Donna's claims for wrongful search, wrongful seizure of the property and wrongful seizure of the person (wrongful arrest) will be overruled and those claims will be dismissed.

Lastly, both Plaintiffs have included claims in the Amended Complaint [Doc. 3] regarding the Defendants' handling of evidence and failure to pursue other leads. Plaintiffs do not mention these claims in their objections to the recommendation that they be dismissed. Even though these claims appear to be abandoned, they warrant a brief mention. Claims concerning the seizure, preservation and disposition of evidence "rest on the alleged illegality of the entire investigation and prosecution of the case. Granting relief on either [§1983 claim] would require finding that the [Defendants] acted without legal authority, without probable cause, or in violation of Plaintiffs['] constitutional rights. Such a finding would necessarily impugn the validity of [such a plaintiff's] conviction." Zarro v. Spitzer, 274 Fed.Appx. 31, 34 (2nd Cir. 2008); Whitaker, 486 F.3d at 583 ("a §1983 action alleging illegal ... seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned" because it would impugn the integrity of the conviction). The Plaintiffs' claims based on the Defendants' failure to pursue other leads, their failure to disclose those leads and/or the withholding of exculpatory evidence are also barred by

Heck because such claims implicate the validity of the conviction.  Amaker v.

Weiner, 179 F.3d 48, 51 (2nd Cir. 1999); *accord*, Skinner v. Switzer, __ S.Ct.

__, 2011 WL 767703 **10 (2011) ("Brady claims have ranked within the

traditional core of habeas corpus and outside the province of §1983"), *citing*

Heck, 512 U.S. at 479.  It appears particularly inconsistent for Donna to

complain about the disposition of evidence when the charges against her

were dismissed, allegedly in part, because of lack of evidence.

Since the claims against the County and the Sheriff's Department are

based on their customs, policies and training in allowing Lau and Holland to

have acted in the manner they did, and because the Federal claims against

Lau and Holland cannot stand, all Plaintiffs' Federal claims must fail.  For

these reasons, the Memorandum and Recommendation of the Magistrate

Judge will be accepted, and all Federal claims will be dismissed.

The application of the Heck bar to this action renders moot any

discussion of the Magistrate's alternative recommendations to dismiss the

§1983 claims on other grounds. See, Amaker, 179 F.3d at 52.  The federal

claims, however, must be dismissed without prejudice because of the

possibility, *albeit* remote, that the conviction could be terminated favorably.

See, id., at 53.

A district court may decline to exercise supplemental jurisdiction over

state law claims where it has dismissed all claims over which it has jurisdiction. 28 U.S.C. §1367(c)(3). The Magistrate Judge recommended the dismissal of the state law claims without prejudice, and the Plaintiffs did not object to that recommendation.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Notice of Motion and Partial Motion to Dismiss by Defendants Macon County, Macon County Sheriff's Department, Robert L. Holland, Charles J. Lau, and the Ohio Casualty Insurance Company [Doc. 9] is hereby **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Plaintiffs' federal claims are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiffs' state law claims are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss [Doc. 23] of Defendant Garner is hereby **DENIED** as moot.

Signed: August 20, 2011

Martin Reidinger
United States District Judge