IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:10cv09

| | |
|---|---|
| DONNA J. BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| COUNTY OF MACON; MACON COUNTY ) | |
| SHERIFF'S DEPARTMENT; ROBERT L. ) | |
| HOLLAND, individually and in his Official ) | |
| Capacity as Sheriff of Macon County; ) | |
| C. J. LAU, individually and in his Official ) | |
| Capacity as Deputy Sheriff of Macon ) | |
| County; GARY GARNER; W.T. POTTS and ) | |
| THE OHIO CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on remand by the United States Court of Appeals for the Fourth Circuit and the mandate thereof. [Doc. 55; Doc. 56].

On June 22, 2012, the Fourth Circuit affirmed in part and vacated in part the decision of the District Court issued on August 22, 2011 at Document 49. [Doc. 55]. By virtue thereof, all claims asserted by Plaintiff John William

Bishop have been finally adjudicated and have been dismissed.

As to Plaintiff Donna Bishop, the Circuit's decision did not impair the District Court's rulings as to the following:

1. Any claims based on the obtaining of search warrants and the execution thereof were dismissed. [Doc. 49 at 13-14].

2. Any claims based on the Defendants' handling of evidence and failure to pursue other leads were abandoned before the District Court and dismissed. [Id. at 20].

3. Defendant Marsh USA, Inc. was improperly named as a defendant and thus removed from the caption. [Id. at 2 n.1].

4. Since no reason had been provided for designating this action as a relator lawsuit, reference to the action as such was removed from the caption. [Id.].

Plaintiff Donna Bishop's remaining claims are for wrongful seizure of property and wrongful arrest and prosecution (wrongful seizure of person). It is unclear whether the state law claims remain in the action. The District Court dismissed all state law claims, including those against Defendants Gary Garner and W.T. Potts. [Id.]. They were therefore dismissed from the action. [Id. at 21-22]. Based on the decision of the Fourth Circuit, it appears that the

dismissal of state law claims was not raised on appeal and therefore those claims have been abandoned.

In ruling on the Plaintiffs' Objections to the Revised Memorandum and Recommendation, the District Court relied on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). [Doc. 49 at 21]. As a result, the Court did not address the other grounds for dismissal which were raised in the Defendant's motions and addressed in the Revised Memorandum and Recommendation. [Id. ("The application of the Heck bar to this action renders moot any discussion of the Magistrate's alternative recommendations to dismiss the §1983 claims on other grounds.")]. The District Court therefore did not consider the alternative Recommendation that the Motion to Dismiss contained within Document 9 be granted. That Recommendation remains pending and the Objections of Plaintiff Donna Bishop to the recommendation have not been addressed.

Specifically, Defendants Holland and Lau moved to dismiss the First Claim for Relief in the Amended Complaint, a claim pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments. [Doc. 9]. The Defendants argued that the Amended Complaint failed to allege an official policy or custom which caused the Plaintiff's injury and thus, the official

3

capacity claim must be dismissed. [Doc. 9]. Defendant Holland also moved to dismiss the claim against him in his personal capacity, alleging that he had no personal involvement in the disposition of the seized property.[1] [Id.]. The Magistrate Judge recommended granting the motion and dismissing these claims. [Doc. 45 at 14-17; 20].

Defendant Macon County moved to dismiss the Second Claim for Relief brought pursuant to §1983, stating that by state law, counties are prohibited from setting policies for sheriffs. [Doc. 9]. Macon County, it argued, therefore may not be held liable for the conduct of the Macon County Sheriff's Department. [Id.]. The Magistrate Judge also recommended granting that motion. [Doc. 45 at 22-23].

Defendant Macon County Sheriff's Department moved to dismiss the Second Claim for Relief, arguing that in North Carolina, sheriff's departments are not legal entities. [Doc. 9]. The Magistrate Judge recommended granting the motion and dismissing Macon County Sheriff's Department. [Doc. 45 at 25].

Defendant Gary Garner (Garner) moved to dismiss the state law claims

---

[1]Any claim against Defendant Holland in his personal capacity related to the obtaining and execution of search warrants was previously dismissed. [Doc. 49 at 13].

4

for malicious prosecution and abuse of process and a request for punitive damages brought against him. [Doc. 24]. His motion was denied as moot because the state law claims had been dismissed. [Doc. 49]. There is an issue as to whether the state law claims remain viable.

The Court finds that the parties should be provided an opportunity to supplement their previously filed Objections and Replies thereto as they relate to these motions.

**IT IS, THEREFORE, ORDERED** that the Plaintiff Donna Bishop may supplement her Objections to the Revised Memorandum and Recommendation [Doc. 45] on or before twenty (20) days from entry of this Order by a filing not to exceed ten (10) double-spaced pages in size fourteen (14) font. In that supplement, the Plaintiff shall advise whether the state law claims remain viable.

**IT IS FURTHER ORDERED** that the Defendants may supplement their Replies to the Plaintiff's Objections on or before twenty (20) days from the filing of her supplement by a filing subject to the same parameters and also addressing the viability of state law claims.

5

Signed: July 18, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

6